NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELOY MEZA GARCIA, | No. 13-74141 |
| Petitioner, | Agency No. A088-258-508 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2019[**]
San Francisco, California

Before: GOULD, BEA, and FRIEDLAND, Circuit Judges.

Petitioner Eloy Meza Garcia appeals the Board of Immigration Appeals'

("BIA") decision affirming the Immigration Judge's ("IJ") order of removal. We

have jurisdiction under 8 U.S.C. § 1252(a). Reviewing de novo, *Altamirano v.*

*Gonzales*, 427 F.3d 586, 591 (9th Cir. 2005), we deny Meza Garcia's petition for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review. We also deny Meza Garcia's motion to remand to the BIA.

Meza Garcia is a native and citizen of Mexico and a legal permanent resident of the United States. In 2008, when Meza Garcia was trying to cross the border in his car, authorities asked him to go to secondary inspection. There, upon questioning, Meza Garcia admitted to attempting to smuggle a passenger in his car into the United States without proper documents. He contends that, during his questioning, the immigration officer did not advise him of his rights under 8 C.F.R. § 287.3(c).

Meza Garcia seeks remand to the BIA for consideration of cancellation of removal or administrative closure, but he did not request either in his administrative proceedings. For this reason, we conclude that Meza Garcia did not exhaust these claims and that we lack subject matter jurisdiction to consider them. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1162 (9th Cir. 2019); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).[1]

Meza Garcia also petitions for review of the BIA's decision, contending that the statements he made during questioning at secondary inspection should have been suppressed because he wasn't advised of his rights. Meza Garcia's

---

[1] Although the Government's opposition to Meza Garcia's motion to remand does not rely on exhaustion, "[o]ur precedent . . . has squarely held that issue exhaustion is a jurisdictional requirement." *See Alvarado v. Holder*, 759 F.3d 1121, 1127 n.5 (9th Cir. 2014) (citing *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013)).

statements during his questioning at secondary inspection were admissible in subsequent immigration proceedings. Because Meza Garcia had not yet been placed in formal immigration proceedings, the immigration officials were not required under 8 C.F.R. § 287.3(c) to inform him of his right to counsel. *Samayoa-Martinez v. Holder*, 558 F.3d 897, 901–02 (9th Cir. 2009).

The admission of Meza Garcia's statements did not violate his Fifth Amendment right against self-incrimination. Noncitizens are entitled to the same protections against self-incrimination as citizens. *United States v. Balsys*, 524 U.S. 666, 671 (1998). However, an official's failure to give a *Miranda*-style warning does not preclude the use of statements obtained during a custodial interrogation in a removal proceeding. *See, e.g.*, *United States v. Solano-Godines*, 120 F.3d 957, 960 (9th Cir. 1997).

**PETITION DISMISSED IN PART AND DENIED IN PART. MOTION TO REMAND DENIED.**